**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDERSON FORREST,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

Civil No.: 5:26-cv-02358-JMG

# JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on (date) and submit the following report of their meeting for the court's consideration:

## I. Counsel

A. Lead counsel for Plaintiff: Ari H. Marcus, Esq.

B. Lead counsel for Defendant Experian: Lauren E. Lacey, Esq., Admitted *pro hac v*

C. Lead counsel for Defendant Equifax: Stacy A. Orvetz, Esq.

D. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

Ari H. Marcus, Esq.

E. Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

Lauren E. Lacey, Esq., Admitted *pro hac vice*, counsel for Experian
Stacy A. Orvetz, Esq., counsel for Equifax

## II. Description of Claims and Defenses

The Parties should assume that the Court has read the Complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel

shall summarize the primary facts that the parties contend support their claims and defenses and the threshold legal issues. **Counsel should not merely parrot their pleadings**. In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**Plaintiff:** Plaintiff received his Chapter 7 Bankruptcy discharge in August 2025. Following the discharge, Plaintiff discovered that his Discover Bank account was never updated on his Experian and Equifax ("CRA's") credit reports to reflect the discharged status and zero balance; but instead, was still reporting as a charge off with a balance of $54,200. Plaintiff disputed the erroneous reporting on nearly 20 (twenty) separate occasions between September 2025 through February of 2026. In his disputes, Plaintiff included his bankruptcy discharge documents. On several occasions, including on October 22, 2025, and November 6, 2025, Experian responded to Plaintiff's dispute stating, "The information you disputed has been verified as accurate". Similarly, and on several occasions, including on September 16, 2025, October 27, 2025, November 6, 2025, December 2, 2025, and February 27, 2026, Equifax responded to Plaintiff's dispute stating, "We have verified that this item has been reported correctly." Plaintiff has been harmed as a result of this enormous financial obligation being reported on his credit file, which has adversely affected his debt to income ratio. Plaintiff has been denied credit on several occasions including but not limited to denial of an auto loan from Global Lending Services and a mortgage with Sofi.

**Defendant Experian:** Experian denies Plaintiff's claims. Experian is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set

loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's to do so. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

**Defendant Equifax**: Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims, denies that it failed to comply with § 1681e(b), § 1681i, or any other provision of the FCRA, and denies that it is liable to Plaintiff. The FCRA is not a strict liability statute, and Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted reasonable reinvestigations of any disputes it received from Plaintiff. Accordingly, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

## III. Stipulated Facts

The Parties **must stipulate to facts that are not in dispute**. In the interest of judicial economy and avoiding duplicative and/or unnecessary discovery, the Parties are required to identify and sign a stipulation outlining facts which they do not intend to dispute, although they are not required to identify disputed facts at this early stage.

A. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

B. Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f).

## IV. Jurisdiction

The Parties must state the basis for this Court's subject matter jurisdiction over the dispute.

**This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p.**

## V. Insurance Coverage and Deductibles

The Parties must disclose any insurance coverage and the cost of the retainer or deductible as required by Rule 26(a)(1)(A).

**Plaintiff:** Plaintiff is not aware of any such insurance coverage.

**Defendant Experian:** No insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

**Defendant Equifax**: Equifax is self-insured as to the claims in this matter.

## VI. Dispositive Motions

The Parties must identify if either side expects to file a case-dispositive motions, what motion, and approximate timeline for the motion.

**Plaintiff:** Plaintiff anticipates filing a motion for summary judgment after the close of fact discovery.

**Defendant Experian:** Experian anticipates filing a motion for summary judgment, in whole or in part, in this matter.

**Defendant Equifax:** Equifax anticipates filing a motion for summary judgment, in whole or in part, in this matter.

## VII. Anticipated Scope of Discovery

A. Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

**Plaintiff:** Plaintiff will serve Interrogatories, Requests for Admission and Requests for Production on the Defendants, in addition to taking a deposition of the corporate representative of each Defendant. Plaintiff will seek discovery regarding Defendants' investigations of Plaintiff's disputes, Defendants' policies and procedures, and Plaintiff's damages.

**Defendant Experian:** Experian anticipates seeking discovery regarding, but not limited to, Plaintiff's communications with Experian and/or the furnisher regarding the disputed account; written agreements and payment history for the disputed account; any credit reports obtained by Plaintiff; Plaintiff's alleged damages; and Experian's alleged liability for such damages.

**Defendant Equifax:** Equifax anticipates seeking discovery regarding, but not limited to, Plaintiff's communications with Equifax and/or the furnisher regarding the disputed account; written agreements and payment history for the disputed account; any credit reports obtained by Plaintiff; Plaintiff's alleged damages; and Equifax's alleged liability for such damages.

B. Anticipated number of interrogatories per Party: 25

C. Anticipated number of depositions per Party: 3

D. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.

**The parties do not propose to exceed the presumptive limits for discovery.**

E. Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.

**The parties do not anticipate the need for third-party discovery.**

F. Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.

**Plaintiff has not yet determined whether he will retain any experts but reserves the right to do with the timeframe set forth by the court.**

**Defendant Experian: Experian does not anticipate designating expert witnesses but reserves the right to do so at a later date should the need arise.**

**Defendant Equifax: Equifax does not anticipate designating expert witnesses but reserves the right to do so at a later date should the need arise.**

## VIII. Status of Discovery

The Parties must summarize the status of discovery to-date. State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally. **If nothing has been done in terms of discovery, the Parties should explain why.** Keep in mind that self-executing discovery must not be delayed until the pretrial conference.

**Plaintiff served initial written discovery requests on Equifax, responses to which are currently due September 22, 2026. The parties have not yet otherwise engaged in discovery to date. The parties held their Rule 26(f) conference, and were precluded from conducting discovery prior to that time, by operation of FRCP 26(d). The parties intend to serve written discovery in short order. The parties will exchange their disclosures pursuant to Rule 26(a)(1) no later than September 21, 2026.**

## IX. Proposed Case Management Deadlines

When completing this section, the Parties should presume that the Court **will <u>not</u> bifurcate fact and expert discovery**. Therefore, the Parties should propose dates that take that presumption into account.

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one

(1) business day before Rule 16 conference): September 21, 2026.

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): October 30, 2026.

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): November 30, 2026.

D. Deadline for rebuttal expert reports (if any): December 30, 2026.

E. Deadline to complete **all** discovery (fact and expert, including expert depositions): January 29, 2027

F. If any Party seeks more than 120 days for discovery, explain why.

G. Deadline to file motion for summary judgment: March 29, 2027.

H. Estimated trial ready date: June 21, 2027.

I. Estimated Number of Days for Trial: 3 days.

## X. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes __X__ No

If yes, what are those dates? ______________________________________________

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

**The Parties intend to confer regarding deposition scheduling within fourteen (14) days of the Court's entry of the scheduling order. The parties anticipate setting aside multiple mutually agreeable dates for depositions.**

## XI. Electronic Discovery

**Prior to the Rule 16 conference**, the Court expects the Parties to have a thorough discussion

about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attend the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

**The parties do not anticipate any issues with conducting discovery of electronically-stored information in this case. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.**

## XII. Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Gallagher's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

**The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws. The parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.**

**A narrowly tailored confidentiality order may be needed to the extent that Plaintiff seeks non-**

**public, confidential, proprietary, or competitively sensitive business information, in which case, the parties will file a motion consistent with Judge Gallagher's Policies and Procedures.**

## XIII. Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

**Defendant Equifax is awaiting a demand from Plaintiff.**

B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

**The parties have not yet explored other forms of ADR. Plaintiff is open to mediation or a settlement conference before the Magistrate Judge after the close of fact discovery. Equifax is open to exploring early resolution of this matter and to conducting a settlement conference before a Magistrate Judge.**

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

**Ari Marcus, counsel for the Plaintiff**

Lauren E. Lacey, Esq., Admitted *pro hac vice* **for Defendant Experian**

**Stacy A. Orvetz for Defendant Equifax**

## XIV. Consent to Send Case to a Magistrate Judge

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

**The parties do not unanimously consent to Magistrate Judge jurisdiction.**

## XV. Policies and Procedures

Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**The parties acknowledge receipt and review of Judge Gallagher's Policies and Procedures.**

## XVI. Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

**None.**

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

Dated: September 14, 2026

/s/ Ari Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
ari@marcuszelman.com
Attorney for Plaintiff

/s/ Lauren E. Lacey
Lauren E. Lacey, *admitted pro hac vice*
Troutman Pepper Locke LLP
401 9th Street, Suite 1000
Washington, DC 20004
(212) 704-6068
Lauren.lacey@troutman.com
Attorney for Defendant
Experian Information Solutions, Inc.

/s/ Stacy A. Orvetz
Stacy A. Orvetz, Esq.
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 864-8072

sorvetz@clarkhill.com
Attorney for Defendant
Equifax Information Services, LLC